**HONEYWELL, INC.**

v.

**UNITED INSTRUMENT WORKERS LOCAL NO. 116 affiliated with International Union of Electrical Radio and Machine Workers AFL–CIO.**

Civ. A. No. 69–540.

United States District Court
E. D. Pennsylvania.

Jan. 12, 1970.

Miles Kirkpatrick, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

M. H. Goldstein, Goldstein, Barkan & Brodie, Philadelphia, Pa., for defendant.

OPINION AND ORDER

HANNUM, District Judge.

This is a motion for summary judgment by the plaintiff, Honeywell, Inc., to compel the defendant, United Instrument Workers Local No. 116 Affiliated with International Union of Electrical, Radio and Machine Workers AFL–CIO

to submit a dispute to arbitration pursuant to Article IX of the 1963 collective bargaining agreement before G. Allan Dash, the permanent arbitrator under that agreement.

On June 6, 1963 plaintiff and defendant entered into a written collective bargaining agreement [1] which was to continue in effect until June 3, 1965. Article IX, Section 2 of that agreement provided in part:

Any dispute or grievance which cannot be adjusted between the Company and the Union, upon the written request of either party, shall be submitted not later than ninety (90) days after an answer has been given in Step 4, to a Board of Arbitration composed of one representative selected by the Company and one representative selected by the Union and G. Allan Dash, who shall serve as impartial chairman.

Article X of that collective bargaining agreement provided in part:

During the life of this Agreement there shall be no strikes, stoppages of work or slow-downs, or any concerted activity by the Union or its members designed to interfere with production requirements of the Company, * * *.

On or about October 15, 1964 a dispute between plaintiff and defendant arose in which plaintiff claimed monetary damages because of an alleged breach of Article X of the 1963 collective bargaining agreement by defendant. Defendant claimed that there had been no violation of Article X. Thereafter, the parties submitted that dispute to arbitrator G. Allan Dash pursuant to the terms of Article IX of the 1963 agreement. He awarded plaintiff damages to be determined by a formula set forth in his award dated April 2, 1965. The first $5,000 was to be paid within 30 days with the remainder suspended for one year with a proviso that if a comparable situation should occur within that year, the remainder of such damages would immediately become due and payable.

Thereafter, plaintiff agreed to suspend payment of the first $5,000 conditioned upon the same proviso made applicable by Dash to the remainder.

On June 4, 1965, the parties entered into a new collective bargaining agreement. Article IX and X were the same as those in the preceding collective bargaining agreement. This agreement was to remain in effect for two years, ending June 7, 1967.

On November 19, 1965, a work stoppage occurred which plaintiff asserted was a "comparable situation" within the meaning of Dash's award. On or about December 29, 1965, plaintiff made claim on defendant for damages in the amount of $14,636.32 calculated under G. Allan Dash's award of April 2, 1965. Defendant denied that the November 19, 1965 work stoppage was a "comparable situation" and rejected the claim that damages under G. Allan Dash's April 2, 1965 award were due and payable. Thereafter, on or about February 16, 1966 plaintiff demanded arbitration before the permanent arbitrator, G. Allan Dash, pursuant to the terms of the 1963 Agreement on the question of whether damages provided by his April 2, 1965 award were due and payable by virtue of the November 19, 1965 work stoppage.

On or about May 23, 1966, the parties, after discussions, again reached an agreement in which plaintiff agreed that it would not immediately press its claim for damages. The permanent arbitrator, G. Allan Dash, was so advised, and he stated that he would hold the matter open for the scheduling of future hearings if and when possible. [2]

On January 27, 1969, plaintiff advised defendant that it was now seeking a determination by Mr. Dash of whether damages were due and payable under his award. Defendant has refused to arbitrate plaintiff's claim.

█ Jurisdiction is conferred upon this Court pursuant to Section 301(a) of

---

1. See exhibit "A" of the Complaint.

2. See Affidavit of Michael T. Steadland.

the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a). It is clear that a grievance arbitration provision in a collective bargaining agreement may be enforced by reason of Section 301(a). Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

■ The defendant contends that this Court lacks jurisdiction because the permanent arbitrator, G. Allan Dash, is an indispensable party and has not been joined. The Court concludes that this contention is without merit. The only question before this Court is the narrow question of whether the parties did, in fact, agree to arbitrate the dispute or grievance in question. United Steelworkers of America, AFL–CIO v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960). This can be answered from the terms of the collective bargaining agreement and the nature of the dispute. Since the specific arbitrator under the contract can add nothing to assist in answering this question, he is not indispensable. See Greater Kansas City Laborers District Council, etc. v. Builders' Association of Kansas City, 217 F.Supp. 1, 11 (W.D.Mo. 1963), aff'd, 326 F.2d 867 (8th Cir. 1964), cert. denied, 377 U.S. 917, 84 S. Ct. 1182, 12 L.Ed.2d 186 (1964). Furthermore, since plaintiff is not seeking an order from this Court against the arbitrator, his rights are in no way prejudiced by this Court's decision.

■ Plaintiff in this case is seeking arbitration under an expired collective bargaining agreement of an issue left open by the arbitrator in an earlier proceeding. The fact that the 1963 collective bargaining agreement had expired when plaintiff sought arbitration in 1965 is not controlling. The rights created and arising under a collective bargaining agreement are not expunged by the expiration of that agreement. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S. Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ Here the parties have agreed to submit all disputes arising under the collective bargaining agreement to arbitration. A dispute arose as to whether a work stoppage in violation of the contract did or did not occur on November 19, 1965, and, if a work stoppage did occur, whether it was a "comparable situation" under the proviso of the arbitrator's previous award. To attempt to answer these questions, it would be necessary for this Court to consider the merits of the dispute. It is clear that such an attempt would usurp the function of the arbitrator. Once the court has determined, as in this case, that the parties have agreed to submit the dispute in question to arbitration, its duty terminates. The merits of the dispute are matters for the arbitrator. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403 (1960).

Whatever occurrences or agreements that may have taken place in 1965 when certain portions of the arbitrator's award were suspended or in May, 1966, when plaintiff indicated it would not press the claims of damages at that time are in the nature of possible settlements of the underlying dispute. Again, this is not a question for the court, but rather for the arbitrator. Similarly, the question of whether the plaintiff's action is barred by the equitable defense of laches is also one for the arbitrator. See General Warehousemen and Employees Union No. 636 v. American Hardware Supply Company, 329 F.2d 789 (3rd. Cir. 1964), cert. denied, 379 U.S. 829, 85 S.Ct. 57, 13 L.Ed.2d 37 (1964).

The Court does not, at this time, pass upon the question of whether the arbitrator exceeded his authority in holding the matter open for future hearings. A determination of this question can only be made subsequent to a determination of the merits of this dispute. To attempt such at this time, without knowing the findings of the arbitrator as to

the merits, would be premature and subject to conjecture.

The dispute in question clearly falls within the arbitration clause of the 1963 collective bargaining agreement. This is the only question that the court must determine. All of the other issues raised are factual questions for the arbitrator to decide. The court, therefore, concludes that it is appropriate to direct the defendant to proceed to arbitration before G. Allan Dash under Article IX of the 1963 collective bargaining agreement.